UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES W. COOLEY, GRADY ANDERSON, NICHOLAS MARONE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>INDIAN RIVER TRANSPORT CO.,<br><br>    Defendant. | 1:18-cv-491 WBS BAM |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

The court makes the following findings and orders after hearing from the parties at the July 30, 2018 Status (Pretrial Scheduling) Conference.

I.    SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon diversity jurisdiction, 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Venue is undisputed and hereby found to be proper.

## IV. MEDIATION

The parties shall engage in private mediation within the next 60 days. All deadlines shall be postponed until after mediation is completed. If the parties are unable to settle the case, they will return on October 9, 2018 at 1:30 pm in Courtroom 5 for a further Status Conference. Discovery and motion deadlines will be set date at that point, if necessary.

## V. MOTION SCHEDULE

Defendant may file a separate motion for summary judgment on plaintiffs' penalty claims, without prejudicing its ability to later move for summary judgment on other claims. Defendant's motion may address statute of limitations and collateral estoppel concerns.

## V. RELATED CASES

This court related this case to Shook v. Indian River Transport, Inc., 236 F. Supp. 3d 1165 (E.D. Cal. 2017) on April 20, 2018. Shook plaintiffs sought to represent all current and

former Indian River drivers who were residents of California, but they failed to move for class certification so the case was tried as a PAGA, Labor Code §§ 2699, et seq. (California Private Attorneys General Act), action before this court. The court awarded judgment for defendant, and the judgment was affirmed by the Ninth Circuit on March 27, 2018. See Shook v. Indian River Transport, Inc., 716 Fed. Appx. 589 (9th Cir. Mar. 15, 2018). Shook plaintiffs were represented by the same counsel currently representing plaintiffs in this action.

IT IS SO ORDERED.

Dated: July 30, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE